UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| OSCAR SMITH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3 07 0402 |
| | ) Judge Campbell |
| GEORGE LITTLE, ET AL., | ) ) |
| Defendants. | ) |

## MEMORANDUM

### INTRODUCTION

The plaintiff, proceeding *pro se* and *in forma pauperis*, is a prisoner in the Riverbend Maximum Security Institution ("Riverbend") in Nashville, Tennessee. He brings this action under Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d and the Racketeer and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961, *et seq*. Although the plaintiff does not say so specifically, the Court liberally construes the complaint to allege that the defendants also violated his rights under 42 U.S.C. § 1983. The plaintiff names George Little, Commissioner of the Tennessee Department of Correction (TDOC), eight other named TDOC/Riverbend employees, and an unspecified number of unnamed TDOC/Riverbend employees as defendants. The plaintiff seeks money damages and injunctive relief.

### BACKGROUND

The plaintiff had a job as a leather-craft instructor at Riverbend. (Complaint, ¶ 1, p. 2) The plaintiff asserts that Inmate Relations Coordinator Gary Hayes refused to pay the plaintiff for leather crafts that he had made for him, and that defendant Hayes threatened the plaintiff when he asked to be paid. (Complaint, ¶ 15, p. 8) The plaintiff complained to Unit Manager Mike Slaughter who allegedly refused to do anything about the matter. (Complaint, ¶ 16, p. 8)

Shortly after the plaintiff sought his assistance, defendant Slaughter accused the plaintiff of

violating arts and crafts policy. (Complaint, ¶¶ 18-19, pp. 8-9) Formal charges were brought, but dismissed. (Complaint, ¶¶ 20-21, p. 9) The plaintiff alleges that defendant Slaughter called a "special" hearing anyway to consider the plaintiff's classification level. (Complaint, ¶ 22, p. 9) According to the plaintiff, defendant Slaughter told the board at the hearing that the plaintiff had two disciplinary actions pending, and defendant Nick Salyer who chaired the hearing did not correct the misinformation. (Complaint, ¶¶ 23, 25-26, pp. 9-10) As a consequence, the plaintiff's classification was dropped from Level-A to Level-C and he lost his job. Warden Ricky Bell denied the plaintiff's appeal. (Complaint, ¶ 27, p. 10)

The plaintiff alleges that, when they realized they had held the review hearing improperly, defendants Slaughter, Salyer, and Hayes reissued the same disciplinary charges. (Complaint, ¶ 26, p. 10) The charges were dismissed again, and the plaintiff's Level-A status was reinstated. (Complaint, ¶ 31, pp. 10-11) However, when the plaintiff asked to have his job back, defendant Slaughter allegedly refused. (Complaint, ¶ 24, p. 11) The plaintiff asserts that Deputy Warden Mike Crutcher approved defendant Slaughter's decision. (Complaint, ¶ 35, p. 11) According to the plaintiff, he has sought relief through the TDOC grievance process to no avail.

## ANALYSIS

Under the Prison Litigation Reform Act (PLRA), the Court is required to dismiss a prisoner-plaintiff's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). A complaint is frivolous and warrants dismissal when the claims "lack[] an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Claims lack an arguable basis in law or fact if they contain factual allegations that are fantastic or delusional, or if they are based on legal theories that are indisputably meritless. *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990). Although *pro se* complaints are to be construed liberally by the

2

courts, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal," *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).

## Plaintiff's Title VI Claim

The plaintiff asserts that being terminated from his prison job constitutes a title VI violation. (Complaint, ¶¶ 37, 58, pp. 11, 17) Title VI provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. Title VI was intended to "halt federal funding of entities that violate a prohibition of racial discrimination similar to that of the Constitution." *Neighborhood Action Coalition, et al., v. City of Canton, Ohio*, 882 F.2d 1012, 1014 (6th Cir. 1989)(citing *Regents of the University of California v. Bakke*, 438 U.S. 265, 284 (1978)).

To set forth a cognizable claim under Title VI, the plaintiff must "either allege that the primary objective of the federal aid is to provide employment or that the discrimination in employment necessarily causes discrimination against primary beneficiaries of aid." *Amadasu v. Donovan, M.D.*, No. 1:01-0210, 2006 Westlaw 1401648 at * 6 (6th Cir. 2006)(citing *Stewart v. Simpson County Board of Education*, No. 88-5957, 1989 WestLaw 25541 (6th Cir. (Ky.)). The plaintiff has not established that the primary objective of any federal aid that Tennessee might receive for its prisons is to provide employment. Neither does he allege that he was terminated from his prison job for reasons of race, color, or national origin, nor can such an inference be liberally construed from the complaint. For these reasons, there is no Title VI violation.

As explained above, the plaintiff's Title VI claim lacks an arguable basis in law or fact. Therefore, it will be dismissed as frivolous.

## Plaintiff's RICO Claim

3

The plaintiff alleges that the defendants engaged in a conspiracy to deprive him of his prison job, to cover up the theft of the leather crafts made by the plaintiff for defendant Hayes, and to cover up defendant Hayes' threats against the plaintiff. (Complaint, ¶¶ 1, 35, pp. 5-11) According to the plaintiff, this alleged conspiracy constitutes a RICO violation.

A RICO violation requires: 1) a pattern of two or more of several defined crimes; and 3) a connection between such a pattern and an enterprise affecting interstate commerce.[1] 28 U.S.C. §§ 1961-1962. Even assuming for the sake of discussion that the defendants' alleged actions constituted crimes covered under RICO, none of the alleged actions affected interstate commerce. Accordingly, there is no RICO violation.

As explained above, the plaintiff's RICO claim lacks an arguable basis in law or fact. Therefore, it will be dismissed as frivolous.

### Plaintiff's Claims Under § 1983

To state a claim under § 1983, the plaintiff must allege and show: 1) that he was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### Plaintiff's Conspiracy Claim

Plaintiff asserts that the defendants engaged in a conspiracy to deprive him of his prison job.

---

[1] Congress included a private right of action in RICO. *Holmes v. Securities Protection Corp.*, 503 U.S. 258, 283, 285 (1992); *see Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 495-96 (1985)(construing 18 U.S.C. § 1964(c) to provide a private cause of in RICO); *Fleischhauer v. Feltner*, 879 F.2d 1290, 1296 (6th Cir. 1989).

4

(Complaint, ¶ 1, p. 5) To establish a *prima facie* case of civil conspiracy, the plaintiff must show that: 1) there was an agreement between two or more persons to injure another by unlawful action; 2) there was a single plan; 3) the alleged co-conspirators shared in the general conspiratorial objective; 4) an overt act was committed in furtherance of the conspiracy; 5) the overt act injured the plaintiff. *Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003)(citing *Hooks v. Hooks*, 771 F.2d 935, 943-44 (6th Cir. 1985)). Under § 1983, the conspiratorial objective must have been to deprive the plaintiff of a right arising under the Constitution or laws of the United States, *see Askew v. Millerd*, 191 F.3d 953, 957 (8th Cir. 1999); *see also Parratt*, 451 U.S. at 535, and the plaintiff must prove an actual deprivation of such a right, *Askew*, 191 F.3d at 957 (citing *Villanueva v. McInnis*, 723 F.2d 414, 416 (5th Cir. 1984)).

The law is well established that a prisoner does not have a constitutional right to a particular job, or to any job at all for that matter. *See Rhodes v. Chapman*, 452 U.S. 337, 348 (1981); *Bishop v. Wood*, 426 U.S. 341 (1976); *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir.1987). Thus, even if the defendants conspired to deprive the plaintiff of his prison job as he alleges, such a conspiracy would not entitle him to relief under § 1983 because he lost his job.

As explained above, the plaintiff's conspiracy claim lacks an arguable basis in law or fact. Therefore, it will be dismissed as frivolous.

### Plaintiff's Due Process Claim

The plaintiff makes numerous due process allegations against the defendants, all of which pertain to the alleged conspiracy to deprive him of his prison job. Generally speaking, a prisoner-plaintiff cannot show a denial of due process absent an atypical and significant hardship, such as the loss of good-time credits. *See Sandin v. Conner*, 515 U.S. 472, 485-87 (1995); *Rimmer-Bey v. Brown*, 62 F.3d 789, 790-91 (6th Cir. 1995). Although state statutes and regulations such as TDOC's policies and procedures may confer a liberty interest on a prisoner, they do so *only* if a loss of that

5

liberty interest "imposes an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484; *accord Mackey v. Dyke*, 111 F.3d 460, 462 (6th Cir. 1997). If a prisoner-plaintiff cannot show that he was subjected to an atypical and significant hardship in relation to the ordinary incidents of prison life, then the statute or regulation at issue does not convey a liberty interest, even if it contains unmistakably mandatory language. *Sandin*, 515 U.S. 480-82; *Rimmer-Bey*, 62 F.3d at 790-91.

As defined under *Sandin*, the plaintiff's job loss amounts to nothing more than an ordinary incident of prison life. Moreover, as previously noted, *supra* at p. 5, the plaintiff has no constitutional right to a job. Therefore, even taking the plaintiff's allegations against the defendants as true, there is no due process violation under § 1983 under the circumstances alleged.

For the reasons explained above, this part of the plaintiff's due process claim lacks an arguable basis in law or fact. Therefore, it will be dismissed as frivolous.

Next, the plaintiff asserts that he made leather crafts for defendant Hayes, but that defendant Hayes did not pay him. To constitutionalize a claim of conversion that would otherwise sound in state law, the plaintiff must allege a due process violation.

In cases involving an intentional deprivation of property, a plaintiff may not bring a § 1983 suit claiming a denial of procedural due process if adequate state remedies exist. *See Hudson v. Palmer*, 468 U.S. 517, 533-36 (1984)(extending *Parratt*, 451 U.S. at 543-44 to intentional property deprivations). Dismissal of a § 1983 procedural process claim is appropriate where: 1) the deprivation was unpredictable or random; 2) pre-deprivation process was impossible or impracticable; 3) the state actor was not authorized to take the action that deprived the plaintiff of his property. *Zinermon v. Burch*, 498 U.S. 113, 136-39 (1990); *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995). If any of these conditions are present, a § 1983 procedural due process claim will be dismissed unless the plaintiff pleads and proves that his available state remedies are

6

inadequate to redress the wrong. *Hudson*, 468 U.S. at 531-33; *Copeland*, 57 F.3d at 479. In that regard, the Sixth Circuit has previously held that Tennessee provides adequate post-deprivation remedies. *Brooks v. Dutton*, 751 F.2d 197, 199 (6th Cir. 1985).

The plaintiff asserts that he has exhausted his TDOC administrative remedies. However, he does not claim, nor can it be liberally construed from the complaint, that he has pursued his post-deprivation remedies in the Tennessee Claims Commission or any other state court. Because the plaintiff is not entitled to relief under § 1983 on these grounds at this juncture, this claim will be dismissed for failure to state a claim on which relief may be granted.

### Plaintiff's Eighth Amendment Claim

The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment. *See Whitley v. Albers*, 475 U.S. 312, 319 (1986). For non-penal conduct such as that alleged, a viable Eighth Amendment claim has both an objective and subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective component requires that plaintiff experience serious pain as a consequence of the actions alleged, *Hudson v. McMillian*, 503 U.S. 1, 5 (1992), and the subjective component requires that the offending, non-penal conduct be wanton, *Wilson v. Seiter*, 501 U.S. 294, 297-300 (1991).

The plaintiff does not allege, nor can it be liberally construed from the complaint, that he suffered any pain or physical injury as a consequence of the defendants' alleged actions. Although the plaintiff does claim that he suffered mental pain an anguish (Complaint, ¶ 75.A, p. 19), the law is settled that the plaintiff may not recover "for mental or emotional injury suffered . . . without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Because the plaintiff has not shown that he suffered a physical injury, he is not entitled to relief under § 1983 for any mental pain and anguish that he may have suffered. For these reasons, there is no Eighth Amendment violation.

As explained above, the plaintiff's Eighth Amendment claim lacks an arguable basis in law

or fact. Therefore, it will be dismissed as frivolous.

An appropriate Order will be entered.

*Todd Campbell*
Todd Campbell
United States District Judge

8